UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,                          )
an individual,                              )
                                            )      CASE NO.: 2:26-cv-980
            Plaintiff,                      )
                                            )
vs.                                         )
                                            )
5TH AVENUE CAR CLUB LLC,                    )
a Florida Limited Liability Company,        )
                                            )
            Defendant.                      )
_____)

## COMPLAINT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues 5TH AVENUE CAR CLUB LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.    Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4.    Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down.  Additionally, Plaintiff is a double leg amputee.  Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5.    Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.    Defendant, 5TH AVENUE CAR CLUB LLC, (hereinafter referred to as "Defendant"), is a Florida Limited Liability Company.  As such, Defendant is the owner/operator of the real property and improvements which are the subject of this action, to wit: Gulf Gate South Shops, generally located at 2740 Bayshore Dr, Naples, FL 34112 (the "Property").  Defendant is responsible for complying with the obligations of the ADA.

7.    All events giving rise to this lawsuit occurred in the Middle District of Florida, in Collier County, Florida.

<u>**COUNT I - VIOLATION OF TITLE III OF THE**</u>
<u>**AMERICANS WITH DISABILITIES ACT**</u>

2

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, a shopping plaza which contains numerous stores and restaurants, is consequently a place of public accommodation subject to the ADA.

10.     Plaintiff has visited the Property discussed herein several times over the last two years and plans to visit again in the near future because he enjoys the mix of stores located there, especially the Fernweh Ice Cream and Baci Trattoria & Pizza restaurants, and he frequently visits the Naples area where the Property is located. The Property is located about forty-four (44) miles from Plaintiff's residence which takes approximately an hour for him to reach by car.  Plaintiff most recently visited the Property in mid-March, 2026.

11.     During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13.     Plaintiff desires to visit the Property because he likes the mix of stores and restaurants there and its location in Naples but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which reduced his access:

A.     Plaintiff personally encountered that three (3) of the five (5) ADA parking spaces lack any access aisle for disabled loading and unloading. Due to this issue, Plaintiff cannot park in these spaces with his van because he would risk getting blocked into the space by parked vehicles in the neighboring spaces (due to the lack of an access aisle).

B.     Plaintiff personally encountered that the five (5) ADA parking spaces provided at the Property have slopes in excess of 1:48. Due to this issue, Plaintiff risks that he may fall or have trouble transferring into and out of his vehicle onto the sloped surfaces with his wheelchair.

C.     Plaintiff personally encountered that each of the five (5) ADA parking spaces provided at the Property have signage which is mounted too low where it could be obstructed by parked vehicles. Due to this issue,

4

Plaintiff could have a more difficult time locating the ADA spaces and other non-disabled persons may not be deterred from parking in them.

D.    Plaintiff personally encountered that the route from the ADA parking spaces to the Property sidewalk contains disrepair and uneven pavement.  Due to this issue, Plaintiff must use caution to prevent his front wheels from getting caught in the pavement as he maneuvers to the sidewalk.

E.    Plaintiff personally encountered that the route from the public sidewalk to the Property sidewalk contains excessive slopes, severe disrepair and uneven pavement.  Due to this issue, Plaintiff cannot safely use this walkway in the event he wanted to visit a neighboring property.

F.    Plaintiff personally encountered that the long ramp leading from the ADA parking spaces to the store entrances contains handrails which lack extensions at the ends.  Additionally, some of the pavement slabs are mismatched which causes vertical lips throughout.  Due to these issues, Plaintiff must use extra caution maneuvering over this ramp to avoid a fall.

15.    To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Independent of his intent to return as a patron to the stores and restaurants located there and due to its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by,

individuals with disabilities to the full extent required by Title III of the ADA;

C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.    That this Court awards such other and further relief as it deems necessary, just and proper.

Date: April 1, 2026.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)